

FILED

June 5, 2017

TN COURT OF
WORKERS' COMPENSATION
CLAIMS

Time 12:48 PM



# TENNESSEE BUREAU OF WORKERS' COMPENSATION
# IN THE COURT OF WORKERS' COMPENSATION CLAIMS
# AT KNOXVILLE

| | |
|---|---|
| **RHONDA LAMB,** ) | **Docket No.: 2016-03-0758** |
| Employee, ) | |
| **v.** ) | |
| **KARM THRIFT STORE, LLC,** ) | **State File No.: 45423-2016** |
| Employer, ) | |
| **and** ) | |
| **BRIDGEFIELD CASUALTY INS.** ) | **Judge Lisa A. Lowe** |
| **CO.,** ) | |
| Carrier. ) | |
| ) | |

## EXPEDITED HEARING ORDER
## GRANTING MEDICAL BENEFITS

This matter came before the undersigned Workers' Compensation Judge for an Expedited Hearing on May 23, 2017. The central legal issue is whether Ms. Lamb's carpal tunnel syndrome arose primarily out of and in the course and scope of her employment.[1] For the reasons set forth below, the Court finds Ms. Lamb established she is likely to prevail at a hearing on the merits that her carpal tunnel syndrome arose primarily out of and in the course and scope of her employment.

### History of Claim

Ms. Lamb is a forty-nine-year-old resident of Knox County, Tennessee. KARM Thrift Store, LLC (KARM) employed Ms. Lamb as a merchandise processor. Ms. Lamb's job duties consisted of tagging and filling containers with clothing and other merchandise. On Monday, Wednesday, and Friday of each week, Ms. Lamb was responsible for pricing merchandise with a pricing gun before it was shipped to various stores. Ms. Lamb was required to squeeze the handle of the pricing gun in order to place the price tag into the clothing.

---

[1] The Dispute Certification Notice listed temporary disability benefits as a disputed issue; however, Ms. Lamb did not introduce any evidence or testimony regarding time off from work. Therefore, the Court need not address temporary disability benefits in this order.

1

On March 25, 2016, Ms. Lamb began experiencing symptoms of pain in her right wrist while working. She sought initial treatment with her personal physician, Dr. Mark Johnson, who noted she started having some mild wrist pain on Thursday that became worse after working on Friday. Dr. Johnson initially believed the symptoms related to overuse syndrome but ultimately diagnosed Ms. Lamb with carpal tunnel syndrome and referred her to orthopedic surgeon, Dr. David Holt. Due to pre-existing diabetes, Ms. Lamb could not receive a cortisone injection. Dr. Holt recommended surgery and noted Ms. Lamb intended to talk with her employer to set up surgery through workers' compensation.

With regard to causation, Dr. Holt stated the following:

> The patient has an underlying history of hypothyroidism as well as diabetes mellitus. Both of which can place the patient at an increased risk of developing carpal tunnel syndrome. However, she also does repetitive activity at work. There is research that suggests carpal tunnel can be related to repetitive activity at work. Given her electrodiagnostic studies on exam, she has fairly significant carpal tunnel syndrome while I cannot say this definitively, I think most likely the patient's occupation and work requirements have contributed to her carpal tunnel syndrome if not been the sole cause of her carpal tunnel syndrome. I do believe that work likely contributes to greater than 50% of the patient's risk and symptoms of carpal tunnel.

Ms. Lamb then reported her work injury, and KARM provided a panel of physicians from which Ms. Lamb selected Dr. Timothy Renfree. After confirming the diagnosis of right carpal tunnel syndrome, Dr. Renfree strongly recommended that she move forward with right carpal tunnel release surgery. However he told her, "in light of what she has told me today with regard to activity at work . . . I do not feel that this right carpal tunnel syndrome is related to her work. When she asked me to clarify I explained that her carpal tunnel syndrome was not greater than 51% related to her work activity."

Ms. Lamb believes she is entitled to workers' compensation benefits for her carpal tunnel syndrome based on Dr. Holt's opinion. KARM believes that Ms. Lamb is not entitled to workers' compensation benefits based on Dr. Renfree's opinion.

**Findings of Fact and Conclusions of Law**

*Standard Applied*

The following legal principles govern this case. Because it is in a posture of an Expedited Hearing, Ms. Lamb need not prove every element of her claim by a

2

preponderance of the evidence in order to obtain relief. *McCord v. Advantage Human Resourcing,* 2015 TN Wrk. Comp. App. Bd. LEXIS 6, at *7-8, 9 (Mar. 27, 2015). Instead, she must come forward with sufficient evidence from which this Court might determine she is likely to prevail at a hearing on the merits. *Id.*; Tenn. Code Ann. § 50-6-239(d)(1) (2016).

*Applicable Authority*

The Workers' Compensation Law requires employers to provide injured employees with reasonable and necessary medical care related to a work injury. A work-related injury causes a need for medical treatment if, within a reasonable degree of medical certainty, it contributed more than fifty percent to the need for treatment. To meet the "reasonable degree of medical certainty" standard requires a physician opinion that it is more likely than not, considering all possible causes, as opposed to speculation. *See* Tenn. Code Ann. §§ 50-6-204(a)(1)(A), 50-6-102(14)(C), and 50-6-102(14)(D) (2016). In addition, the opinion of the authorized treating physician "shall be presumed correct on the issue of causation but this presumption shall be rebuttable by a preponderance of the evidence." Tenn. Code Ann. § 50-6-102(14)(E) (2016).

The Court observed Ms. Lamb's demeanor during the hearing and finds her credible. The Court credits her testimony that when she transferred to KARM's central location, she was required to work at a faster pace and on occasion would have to price between 250-500 pieces of clothing to fill an entire box for transfer. Ms. Lamb testified that occasionally her wrist would bother her, but the pain would then go away; however, after squeezing the pricing gun all day on March 25, 2016, the pain and swelling never went away.

In this case, there are differing expert medical opinions. In these situations, the Appeals Board affirmed longstanding Tennessee law when it held, "A trial court generally has the discretion to choose which expert to accredit when there is a conflict of expert opinions." *Brees v. Escape Day Spa & Salon,* 2015 TN Wrk. Comp. App. Bd. LEXIS 5, at *14 (Mar. 12, 2015) (internal citations omitted). In evaluating conflicting expert testimony, this Court may consider, among other things, "the qualifications of the experts, the circumstances of their examination, the information available to them, and the evaluation of the importance of that information through other experts." *Id.*

Applying these factors, the Court finds both experts bear similar qualifications; thus, that factor favors neither expert. Regarding the circumstances of their evaluation, Dr. Holt saw Ms. Lamb multiple times over several months, while Dr. Renfree examined her on only one occasion. "It seems reasonable that the physicians having greater contact with the Plaintiff would have the advantage and opportunity to provide a more in-depth opinion, if not a more accurate one." *Orman v. Williams Sonoma, Inc.,* 803 S.W.2d 672, 677 (Tenn. 1991). Thus, this factor favors Dr. Holt. It appears both physicians relied

upon the same diagnostic testing to reach their opinions. Both physicians agree that Ms. Lamb has carpal tunnel syndrome, and both agree she needs surgery. However, they reached different causation conclusions.

Dr. Renfree noted, "We talked about causation today as well and she seems very well versed into the year and date of when Tennessee [law] stated that repetitive motion was not related to work type injury nor was typing or utilizing the keyboard." Dr. Renfree went on to say, "I explained that her carpal tunnel syndrome was not greater than 51% related to her work activity. We discussed that carpal tunnel syndrome [may] be very multifactorial such as genetic and especially in light of the fact that she has underlying diabetes and hypothyroidism." The Court holds that Dr. Renfree misstated Tennessee law when he said that "repetitive motion was not related to work type injury." Under Tennessee workers' compensation law, repetitive conditions such as carpal tunnel syndrome *can be work-related* if it arises primarily out of and in the course and scope of employment.

The Court further holds that Dr. Renfree applied the wrong standard when he stated that Ms. Lamb's carpal tunnel syndrome was *not greater than fifty-one percent related to her work activity*. Instead, the standard is whether the work injury contributed *more than fifty percent* to the need for treatment. Finally, though Dr. Renfree noted carpal tunnel can be related to genetics or conditions such as Ms. Lamb's diabetes and hypothyroidism, he did not find Ms. Lamb's carpal tunnel syndrome was caused by those conditions.

In contrast, Dr. Holt noted that Ms. Lamb's underlying hypothyroidism and diabetes can place a patient at increased risk of developing carpal tunnel syndrome but references research suggesting carpal tunnel can be related to repetitive activity at work. Dr. Holt considered various causes for Ms. Lamb's carpal tunnel syndrome and used the correct standard when he found that Ms. Lamb's work contributed greater than fifty percent to her carpal tunnel symptoms.

After careful consideration of the competing medical opinions, the Court places greater weight on Dr. Holt's opinion and holds it rebuts the presumption of correctness afforded to Dr. Renfree's opinion by a preponderance of the evidence.

Therefore, as a matter of law, the Court holds Ms. Lamb has come forward with sufficient evidence from it to conclude she is likely to prevail at a hearing on the merits and grants her request for medical benefits, to include carpal tunnel surgery.

**IT IS, THEREFORE, ORDERED** as follows:

1. Medical care for Ms. Lamb's injuries shall be paid by KARM Thrift Store and/or its workers' compensation carrier as required by Tennessee Code Annotated

4

section 50-6-204 (2016) to include authorization of the recommended carpal tunnel surgery. KARM and/or its workers' compensation carrier may choose to authorize either Dr. Renfree or Dr. Holt to perform the surgery and provide follow-up care.

2. This matter is set for a Scheduling Hearing on August 2, 2017, at 9:30 a.m. Eastern Time. The parties must call 865-594-0109 or 855-383-0003 toll-free to participate in the Scheduling Hearing.

3. Unless interlocutory appeal of the Expedited Hearing Order is filed, compliance with this Order must occur no later than seven business days from the date of entry of this Order as required by Tennessee Code Annotated section 50-6-239(d)(3) (2016). The Insurer or Self-Insured Employer must submit confirmation of compliance with this Order to the Bureau by email to WCCompliance.Program@tn.gov no later than the seventh business day after entry of this Order. Failure to submit the necessary confirmation within the period of compliance may result in a penalty assessment for non-compliance.

4. For questions regarding compliance, please contact the Workers' Compensation Compliance Unit by email at WCCompliance.Program@tn.gov or by telephone at (615) 253-1471 or (615) 532-1309.

ENTERED this the 5th day of June, 2017.

_____
HON. LISA A. LOWE
Workers' Compensation Judge

5

# APPENDIX

<u>Exhibits:</u>

1) Affidavit of Rhonda Lamb (marked for identification purposes only)
2) Photographs of Gaylor Box and Price Gun
3) Panel of Physicians, Form C-42
4) Medical Records of:
   - Dr. Mark Johnson, Summit Medical Group
   - Dr. David Holt, Knoxville Orthopedic Group
   - Family Care Specialists
   - Dr. Timothy J. Renfree, Tennessee Orthopedic Clinic
   - Wal-Mart Pharmacy

<u>Technical Record:</u>

1) Petition for Benefit Determination
2) Dispute Certification Notice
3) Notice of Filing Medical Records
4) Request for Expedited Hearing
5) Employer's Response to Employee's Request for Expedited Hearing
6) Employer' Pre-Hearing Brief
7) Employer's Witness and Exhibit List
8) Notice of Filing

<u>Stipulations:</u>

1) Average weekly wage $353.37/Compensation rate $253.38
2) Date of injury-March 25, 2016
3) Ms. Lamb gave proper statutory notice of her alleged work-related injury

# CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the Expedited Hearing Order was sent to the following recipients by the following methods of service on this the 5th day of June, 2017.

| Name | Certified Mail | Via Fax | Via Email | Service sent to: |
|------|----------------|---------|-----------|------------------|
| Rhonda Lamb, Self-Represented Employee | X | | X | Rhonda Lamb 1015 Henrietta Drive Knoxville, TN 37912 Razeld1@aol.com |
| Ryan C. Edens, Alex B. Morrison, Employer's Attorneys | | | X | rcedens@mijs.com ABMorrison@mijs.com |

**PENNY SHRUM, Court Clerk**
**WC.CourtClerk@tn.gov**

7